# Exhibit A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ELIE SEVERE,

    Plaintiff,

vs.

WILLIAM PATRICK GREGORY,
TITAN TRANSFER, INC. and
MEMBERSELECT INSURANCE COMPANY,

    Defendants.
_____/

Case No: 22    NI

Hon.

**Marc J. Mendelson P-52798**
**Donald J. Cummings P-70969**
**Alex C. Kassa P-84579**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1365
(248) 350-9050
don@855mikewins.com
akassa@855mikewins.com
dtorossian@855mikewins.com
_____/

## **COMPLAINT**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 1.109(D)(2)(a)(i).

*/s/ Donald J. Cummings*

Marc J. Mendelson P-52798
Donald J. Cummings P-70969
Alex C. Kassa P-84579

NOW COMES Plaintiff, Elie Severe, by and through his attorneys, Mike Morse Law Firm, and for his Complaint against the above named Defendants, William Patrick Gregory, Titan Transfer, Inc., and MemberSelect Insurance Company, states as follows:

FEB 28 2022

## COMMON ALLEGATIONS

1. Plaintiff, Elie Severe, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, William Patrick Gregory, upon information and belief, is a resident of the City of Manchester, County of Coffee, State of Tennessee.

3. Defendant, Titan Transfer, Inc., is a Tennessee corporation, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Wayne, State of Michigan.

4. Defendant, MemberSelect Insurance Company, is an insurance company, licensed to write insurance and conduct business in the State of Michigan, and this Defendant conducts business in Wayne County, Michigan.

5. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

## COUNT I
## NEGLIGENCE CLAIM AS TO DEFENDANT, WILLIAM PATRICK GREGORY

6. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 5 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

7. On or about September 23, 2021, Plaintiff, Elie Severe, was the operator of a 2009 GMC motor vehicle, bearing Michigan license plate number EFK7561, which motor vehicle was being driven in a careful and prudent manner on southbound I-75 Freeway, at or near the intersection of Mack Avenue, in the City of Detroit, County of Wayne, State of Michigan.

2

8. At the aforementioned place and time, Defendant, William Patrick Gregory, was the operator of a 2020 Freightliner motor vehicle, bearing Tennessee license plate number A2881HY, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner on southbound I-75 Freeway, at or near the intersection of Mack Avenue, in the City of Detroit, County of Wayne, State of Michigan, when said Defendant did strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff, Elie Severe, as hereinafter alleged.

9. On the aforementioned day and date, Defendant, William Patrick Gregory, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Detroit.

10. Contrary to the duties owed to Plaintiff, Defendant, William Patrick Gregory, was negligent, careless and reckless in several respects, including the following:

    (a) Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

    (b) Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

    (c) Failing to keep the motor vehicle constantly under control;

    (d) Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

    (e) Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

    (f) Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's oncoming vehicle would endanger the life or property of other persons using the roadway;

    (g) Failing to yield to all approaching vehicles, MCL 257.649;

3

(h)  Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle, in violation of MCL 257.401;

(i)  Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1);

(j)  Failing to make timely use of the braking system with which said vehicle is equipped;

(k)  Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l)  Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m)  Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627;

(n)  Negligently moving from his lane of travel without first ascertaining such movement could be done with safety in violation of MCL 257.642;

(o)  Negligently failing to drive entirely within a single lane in violation of MCL 257.642(1); and,

(p)  Performing other acts of negligence not yet known to Plaintiff but will be ascertained during the discovery of said litigation.

11.  That as a result of said collision, Plaintiff, Elie Severe, did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of his natural enjoyments of life, due to his injuries which include but are not limited to: ***traumatic injuries to his head, neck, back and left shoulder,*** among others, all of which constitute a serious impairment of body function and/or serious,

4

permanent disfigurement. Plaintiff suffered a serious impairment of body function. Plaintiff's impairment is objectively manifested; is an impairment of an important body function; and it affects Plaintiff's general ability to lead his normal life.

12. That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

13. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Elie Severe, respectfully requests that judgment be entered in his favor against Defendant, William Patrick Gregory, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II
## NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, TITAN TRANSFER, INC.

14. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 13 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

15. On the aforementioned date and time, Defendant, Titan Transfer, Inc., was the owner of the 2020 Freightliner motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, William Patrick Gregory, when Defendant, Titan Transfer, Inc., knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Detroit, in direct disregard for the safety of Plaintiff, Elie Severe.

16. Defendant, William Patrick Gregory, was acting with the expressed and/or implied consent of Defendant, Titan Transfer, Inc.

17. Defendant, Titan Transfer, Inc., is liable under the Owner's Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, William Patrick Gregory.

18. On September 23, 2021, upon information and belief, Defendant, William Patrick Gregory, was acting within the course and scope of his employment with Defendant, Titan Transfer, Inc., when he negligently struck Plaintiff's vehicle while driving the 2020 Freightliner motor vehicle.

19. Based upon information and belief, Defendant, Titan Transfer, Inc., is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, William Patrick Gregory, in that it employed the negligent driver, Defendant, William Patrick Gregory, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

20. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims

6

excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Elie Severe, respectfully requests that judgment be entered in his favor against Defendants, William Patrick Gregory and Titan Transfer, Inc., for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT III
## NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT, TITAN TRANSFER, INC.

21. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

22. On September 23, 2021, Defendant, William Patrick Gregory, was employed by Defendant, Titan Transfer, Inc.

23. Defendant, Titan Transfer, Inc., is responsible for those negligent acts performed within the scope of Defendant, William Patrick Gregory's, employment.

24. Defendant, Titan Transfer, Inc., hired Defendant, William Patrick Gregory.

25. Defendant, Titan Transfer, Inc., had a duty to investigate Defendant, William Patrick Gregory, Defendant, William Patrick Gregory's, driving record and Defendant, William Patrick Gregory's, driving ability.

26. Defendant, Titan Transfer, Inc., failed to properly investigate Defendant, William Patrick Gregory, Defendant, William Patrick Gregory's, driving record and Defendant, William

7

Patrick Gregory's, driving ability and made insufficient efforts to investigate whether or not Defendant, William Patrick Gregory, was a safe, fit and competent driver.

27. Defendant, Titan Transfer, Inc., knew, had reason to know or should have known, that Defendant, William Patrick Gregory, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

28. Defendant, Titan Transfer, Inc., knew or had reason to know or should have known that by hiring Defendant, William Patrick Gregory, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, Titan Transfer, Inc. and/or Defendant, William Patrick Gregory, caused Plaintiff's injuries.

29. Defendant, Titan Transfer, Inc., failed to supervise or otherwise monitor, train, educate or discipline Defendant, William Patrick Gregory, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

30. The negligence of Defendant, Titan Transfer, Inc., in hiring and/or retaining and/or supervising Defendant, William Patrick Gregory, was a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, Elie Severe, respectfully requests that judgment be entered in his favor against Defendant, Titan Transfer, Inc., and Defendant, William Patrick Gregory, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

8

## COUNT IV
## UNDERINSURED MOTORIST CLAIM AS TO DEFENDANT, MEMBERSELECT INSURANCE COMPANY

31. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

32. Prior to and including September 23, 2021, Plaintiff was insured with Defendant, MemberSelect Insurance Company, under the provisions of an automobile insurance policy issued by Defendant that was then in effect in accordance with the provisions of the No-Fault Insurance Act, MCL 500.3101 et seq., which policy of insurance provided underinsured motorist coverage which was in effect on September 23, 2021.

33. If the negligent tortfeasors, William Patrick Gregory and Titan Transfer, Inc., have underlying bodily injury coverage, it will be insufficient to compensate Plaintiff for his injuries which would then obligate this Defendant to pay underinsurance coverage to Plaintiff, Elie Severe, for his September 23, 2021 motor vehicle collision and injuries.

34. A claim for underinsured motorist benefits has been made in a timely fashion to Defendant, MemberSelect Insurance Company.

35. Defendant, MemberSelect Insurance Company, becomes liable for payment of underinsurance upon the negligent tortfeasors' proffering of their entire underlying bodily injury coverage.

36. Defendant has wrongfully denied and/or failed to pay underinsured motorist benefits to Plaintiff in their entirety and/or in a timely manner.

9

37. Because Defendant has possessed satisfactory proof of Plaintiff's losses for greater than 60 days and has improperly failed to pay this contractual benefit, then Defendant owes 12% penalty interest, per annum, pursuant to the Uniform Trade Practices Act, MCL 500.2001 *et seq.*, and *Nickola v MIC Gen'l Ins. Co.*, 500 Mich. 115, 894 NW2d 552, 560 (2017).

38. Plaintiff, Elie Severe, has suffered injuries in excess of the underlying bodily injury limits, if any, and Defendant is a proper party to this litigation for purposes of discovery, case evaluation and trial.

WHEREFORE, Plaintiff, Elie Severe, requests a judgment against Defendant, MemberSelect Insurance Company, in an amount which the Court or jury determines to be fair, just and adequate compensation for damages, together with court costs, interest and attorney fees.

## COUNT V
## CLAIM FOR FIRST PARTY BENEFITS AS TO DEFENDANT, MEMBERSELECT INSURANCE COMPANY

39. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 38 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

40. Prior to and including September 23, 2021, Plaintiff was insured with Defendant, MemberSelect Insurance Company, under the provisions of an automobile insurance policy, issued by Defendant, that was then in effect in accordance with the provisions of the No-Fault Insurance Act (No-Fault Act), MCL 500.3101 et seq., and for which applicable premiums were paid.

41. Under the terms and conditions of the automobile insurance policy, Defendant became obligated to pay to or on behalf of Plaintiff certain expenses or losses if Plaintiff sustained bodily injury in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle.

10

42. On September 23, 2021, Plaintiff was involved in a motor vehicle collision which occurred in the City of Detroit, State of Michigan, in which collision Plaintiff sustained accidental bodily injuries within the meaning of Defendant's policy and the statutory provision of MCL 500.3105.

43. As a result of the collision, Plaintiff has incurred:

   a. Reasonable and necessary expenses for care, recovery, or rehabilitation, pursuant to MCL 500.3107(1)(a);

   b. Loss of wages pursuant to MCL 500.3107(1)(b);

   c. Reasonable and necessary replacement services pursuant to MCL 500.3107(1)(c); and

   d. Other personal protection benefits in accordance with the applicable no-fault provisions.

44. Reasonable proof for full payment of all personal protection insurance benefits has been or will be supplied, but Defendant has refused to pay or is expected to refuse to pay in the future.

45. Defendant has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and .3148 and continues to do so.

46. That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the aforementioned accident exacerbated, precipitated and aggravated any such pre-existing conditions, and Defendant is responsible for all no-fault benefits arising there from.

47. Defendant insurance company has mishandled Plaintiff's claim by wrongfully withholding payment of allowable expenses forcing Plaintiff to incur other expenses connected with the subject matter of this action, all of which expenses have been needlessly placed upon Plaintiff by the wrongful actions of Defendant. As such, Plaintiff is entitled to obtain from Defendant all damages

11

allowable under Michigan law, including but not limited to, interest, costs and a reasonable attorney fee pursuant to the provisions of the no-fault statute.

48. Defendant has had sufficient information to pay all claims and did not do so within the statutory 30 day time period, set forth under the Michigan No-Fault Act. Therefore, Plaintiff is entitled to attorney fees, costs and interest due to this breach. Plaintiff only seeks no-fault benefits that are past due and presently owed, and this Complaint does not seek future no-fault benefits.

WHEREFORE, Plaintiff, Elie Severe, seeks judgment against Defendant, MemberSelect Insurance Company, in an amount in excess of $25,000.00 that is fair, just and reasonable, and which sums include all damages available under Michigan law, including but not limited to, all past-due and presently-owed No-Fault benefits together with interest, costs and no-fault attorney fees. This Complaint does not seek future no-fault benefits past the date that this lawsuit resolves by settlement or trial.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

/s/ Donald J. Cummings

Marc J. Mendelson P-52798
Donald J. Cummings P-70969
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated: February 4, 2022

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ELIE SEVERE,

        Plaintiff,

vs.

WILLIAM PATRICK GREGORY,
TITAN TRANSFER, INC. and
MEMBERSELECT INSURANCE COMPANY,

        Defendants.

Case No: 22    NI

Hon.

_____/

**Marc J. Mendelson P-52798**
**Donald J. Cummings P-70969**
**Alex C. Kassa P-84579**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1365
(248) 350-9050
don@855mikewins.com
akassa@855mikewins.com
dtorossian@855mikewins.com

_____/

## JURY DEMAND

Plaintiff, Elie Severe, by and through her attorneys, Mike Morse Law Firm, hereby respectfully demands a trial by jury on all issues in this cause of action.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

/s/ Donald J. Cummings
_____
Marc J. Mendelson P-52798
Donald J. Cummings P-70969
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated: February 4, 2022