UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIE SEVERE,

    Plaintiff,

v.

WILLIAM PATRICK GREGORY and TITAN TRANSFER, INC.,

    Defendants.

_____/

Case No. 22-cv-11278

U.S. District Court Judge
Gershwin A. Drain

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR UNTIMELY NOTICE OF REMOVAL (ECF No. 2)

Plaintiff Elie Severe commenced the underlying action in Wayne County Circuit Court on February 4, 2022 against William Patrick Gregory ("Gregory"), Titan Transfer, Inc. ("Titan"), and MemberSelect Insurance Company ("MemberSelect"). ECF No. 1-1. This matter arises out of an automobile collision that occurred on September 23, 2021. *Id*. Defendants Gregory and Titan filed a motion to sever Plaintiff's claims under the Michigan No Fault Act against MemberSelect, and the claims were severed on May 6, 2022. ECF No. 1, PageID.2.

1

Defendants Gregory and Titan then filed a notice of removal before this Court on June 9, 2022, arguing removal was timely because it occurred within 30 days of entry of the order severing the claims, which created complete diversity among the parties. *Id*.

Presently before the Court is Plaintiff's Motion to Remand for Untimely Notice of Removal (ECF No. 2), filed on July 5, 2022. The time to respond has more than past, and neither Defendant has done so. Upon review, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on Plaintiff's brief. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will **GRANT** Plaintiff's Motion.

Pursuant to Title 28 U.S. Code § 1446(b)(3):

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, *a notice of removal may be filed within thirty days after receipt by the defendant*, through service or otherwise, *of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*.

28 U.S. Code § 1446(b)(3) (emphasis added). Here, the order to server was entered on May 6, 2022 and Defendants did not file their notice of removal until June 9, 2022. This was more than thirty days after the order to sever was entered and Defendants have not responded to argue that they experienced some sort of delay in

2

receiving the order. Thus, removal was improper, and this matter must be remanded. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) ("[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand for Untimely Notice of Removal (ECF No. 2) is **GRANTED**. This matter is **REMANDED** to the Wayne County Circuit Court.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 11, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 11, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager